# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:20-CV-00346-RJC-DSC

| | |
|---|---|
| ENGLISH CONSTRUCTION COMPANY INC., | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| CITY OF CHARLOTTE, | )<br>) |
| Defendant. | )<br>) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendant's "Motion to Dismiss Plaintiff's Third Claim for Relief" (document #12) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendant's Motion to Dismiss be <u>denied</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, on January 9, 2018, the parties entered into a written contract for construction of Defendant's "Clems Branch Pump Station and Force Main" Project. On May 1, 2019, Defendant terminated the contract by letter.

On June 19, 2020, Plaintiff filed this action. Plaintiff contends that Defendant breached its obligations to make monthly progress payments and allow Plaintiff to cure any alleged construction defects and/or to perform any necessary repairs. Plaintiff also alleges that Defendant improperly terminated the contract "for cause" without meeting the requisite conditions. Plaintiff asserts claims for breach of contract and for declaratory judgment that the contract was terminated for Defendant's "convenience," as well as an alternative claim for quantum meruit.

Defendant moves to dismiss the quantum meruit claim.

## II. DISCUSSION

In reviewing a Rule 12(b)(6) motion, "the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). The plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 563. A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains enough facts to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In Iqbal, the Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Id. "Threadbare recitals

of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555) (allegation that government officials adopted challenged policy "because of" its adverse effects on protected group was conclusory and not assumed to be true). Although the pleading requirements stated in "Rule 8 [of the Federal Rules of Civil Procedure] mark [] a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." Id. at 678-79.

Second, to the extent there are well-pleaded factual allegations, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. Id. at 679. "Determining whether a complaint contains sufficient facts to state a plausible claim for relief "will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'- 'that the pleader is entitled to relief,'" and therefore should be dismissed. Id. (quoting Fed. R. Civ. P. 8(a)(2)).

The sufficiency of the factual allegations aside, "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Sons of Confederate Veterans v. City of Lexington, 722 F.3d 224, 228 (4th Cir. 2013) (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)). Indeed, where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed." Neitzke v. Williams, 490 U.S. at 328; see also Stratton v. Mecklenburg Cnty. Dept. of Soc. Servs., 521 Fed. Appx. 278, 293 (4th Cir. 2013)). The court must not "accept as true a legal conclusion couched as a factual allegation." Anand v. Ocwen Loan Servicing, LLC, 754 F.3d 195, 198 (4th Cir. 2014).

Defendant contends that its governmental immunity is waived only as to express contracts. See Whitfield v. Gilchrist, 348 N.C. 39, 42-43, 497 S.E.2d 412, 415 (1998); Eastway Wrecker Service, Inc. v. City of Charlotte, 165 N.C. App. 639, 643, 599 S.E.2d 410, 412 (2004) ("dismissal of the quantum meruit claim [against the City of Charlotte] was still appropriate because such a claim when brought against an arm of the State is barred by sovereign immunity.")

As Plaintiff argues, governmental immunity may be waived by a municipality in "three discrete ways: (1) by entering into a valid contract; (2) by acting in a proprietary capacity; and (3) by purchasing liability insurance." AGI Assocs., LLC v. City of Hickory, N.C., 773 F.3d 576, 578 (4th Cir. 2014) (applying proprietary capacity theory to find governmental immunity waived as to equitable claims). Under the proprietary capacity theory, when an entity of the State engages in a predominately proprietary rather than governmental capacity, it is treated as if it were a private corporation and is deemed to have waived its governmental immunity. Estate of Williams ex rel. Overton v. Pasquotank Cnty. Parks and Recreation Dep't, 366 N.C. 195, 732 S.E.2d 137, 141 (2012). In Williams, the North Carolina Supreme Court identified relevant factors for consideration. Id. at 202–03, 732 S.E.2d at 143. While no factor is dispositive, courts should consider "whether the service is traditionally a service provided by a governmental entity, whether a substantial fee is charged for the service provided, and whether that fee does more than simply cover the operating costs of the service provider." Id.

In Town of Sandy Creek v. E. Coast Contr., Inc., 226 N.C. App. 576, 581, 741 S.E.2d 673, 677 (2013), the North Carolina Court of Appeals applied Williams to the construction of a sewer system and affirmed the trial court's decision to deny the Town's motion to dismiss plaintiff's equitable claims. The Court held that factual allegations "concern[ed] [defendant's] handling of

the contract and … business relationship with the contractor, acts that are not inherently governmental but are commonplace among private entities." Id.

Viking Utilities Corp. v. Onslow Water & Sewer Auth., 232 N.C. App. 684, 755 S.E.2d 62 (2014), involved a dispute over the sale of a wastewater system to a county authority. Id. at 684-85, 755 S.E.2d at 63-64. Relying on Williams and Sandy Creek, the Court of Appeals held that because "the plaintiffs' allegations involve its 'business relationship' with defendant" the trial court did not err when it denied the defendant's motion to dismiss [equitable claims including quantum meruit] on the basis that the complaint allegations satisfied the proprietary capacity theory. Id. at 689, 755 S.E.2d at 66.

Applying those legal principles, the Court finds that Plaintiff's factual allegations satisfy the proprietary capacity theory and governmental immunity has been waived. Accordingly, the undersigned respectfully recommends that Defendant's Motion to Dismiss be denied.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendant's "Motion to Dismiss Plaintiff's Third Claim for Relief" (document #12) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising

such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED AND RECOMMENDED**.

Signed: October 27, 2020

David S. Cayer
United States Magistrate Judge