IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 3:20-cv-346-RJC-DSC

| | |
|---|---|
| ENGLISH CONSTRUCTION COMPANY INC., | ) |
| | ) |
| Plaintiff & Counterclaim Defendant, | ) ) ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHARLOTTE, | ) |
| | ) |
| Defendant & Counterclaim Plaintiff. | ) ) |

**STIPULATED PROTECTIVE ORDER**

Plaintiff English Construction Company, Inc. ("Plaintiff") and Defendant City of Charlotte ("Defendant"), herein after referred to as the "Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure or dissemination of confidential information in this action (the "Litigation").

IT IS HEREBY stipulated among the Parties and ORDERED THAT the Parties and anyone else who subsequently may subscribe to this Protective Order by execution of the "Nondisclosure Certificate" attached hereto as Exhibit 1 shall be a "Bound Party" (collectively referred to as "Bound Parties"), and each one of the Bound Parties is ordered by the Court as follows:

1. **SCOPE**. This Protective Order shall govern the production, exchange, access, and use of all discovery materials produced or disclosed in the Litigation, including without

limitation the following: documents, electronic documents and e-mails, data and information, depositions and deposition exhibits, affidavits, testimony, answers to interrogatories, responses to requests to admit, and all other information (regardless of the medium or manner generated, stored, or maintained) that is produced, given, provided, or exchanged (collectively the "Discovery Materials") among the Bound Parties in the Litigation. This Protective Order shall apply to each Bound Party and any other entity or person receiving, producing or disclosing Discovery Materials in the Litigation, including any third party responding to subpoenas issued in the Litigation.

2. **CATEGORIES OF INFORMATION**. Any Discovery Materials produced by any party, third party, person, or entity subject to or participating in discovery in the Litigation may be designated by the Parties or the producing party by marking the Discovery Materials as "Confidential" (collectively "Designated Discovery Materials"). For electronic files produced in native format, the producing party may mark the Discovery Materials as "Confidential" on the name of the file or on the folder, disk or other storage media containing the electronic files; with respect to any electronic files produced in native format, the "Confidential" designation applies to the file in its entirety, including all content and metadata. Any other material containing Confidential Information that cannot be labeled as "Confidential" shall be placed in a sealed envelope, folder, or container that is in turn marked "Confidential" or is otherwise designated as "Confidential" in a manner agreed upon by the Parties.

3. **CONFIDENTIAL INFORMATION**. Discovery Materials should be marked as "Confidential" when they contain confidential information that may be reviewed by certain named persons described herein but must be protected against disclosure to others. Counsel for any Party, third party, person, or entity subject to or participating in discovery

in the Litigation (the "Designating Party") may designate any Discovery Materials as "Confidential" when the Designating Party reasonably and in good faith believes that the Discovery Materials contain, constitute, or reveal trade secrets, non-public proprietary or commercial information, or other sensitive competitive materials for which a protective order would be legally justified under Fed. R. Civ. P. 26(c) ("Confidential Information"). Confidential Information may be shown, disseminated, or disclosed only to the following persons, each of whom shall be deemed a "Qualified Person":

  (a) Counsel for the Parties, and employees and agents of such counsel assigned to and reasonably necessary to assist such counsel in the Litigation;

  (b) Parties to this Litigation, including their current or former personnel or representatives;

  (c) Consultants, investigators, and experts retained or consulted by a party or counsel to assist in the preparation, trial, and appeal of the action, provided that such consultant, investigator, or expert has executed a Nondisclosure Certificate substantially in the form of Exhibit 1 attached hereto;

  (d) Witnesses in connection with the Litigation;

  (e) The persons who authored the Confidential Information or who received such Confidential Information in the ordinary course of business or as shown on the face of such Confidential Information;

  (f) The Court and its personnel;

  (g) Stenographic reporters retained by the Parties to transcribe depositions or other testimony in connection with the Litigation or any outside independent reproduction firm, any technical or technology services firm, or other persons or entities providing litigation

support retained by counsel for purposes of the Litigation, but only to the extent necessary for such services to be provided;

      (h)    Any mediator retained in connection with the Litigation; and

      (i)    Any other person as to whom the Parties agree in writing.

4.    **QUALIFIED PERSONS.** Qualified Persons shall maintain the confidentiality of Designated Discovery Materials, shall not disseminate or disclose such Designated Discovery Materials to any person not authorized to have access to Designated Discovery Materials pursuant to this Protective Order, and shall not use such Designated Discovery Materials for any purpose other than in connection with the Litigation or appeal of the Litigation. The protections conferred by this Order cover not only Designated Discovery Materials, but also those specific portions of any (1) information copied or extracted therefrom, (2) copies, excerpts, summaries or compilations thereof, and (3) testimony, conversations, or presentations by Parties or counsel to or in court or in other settings, that directly or indirectly reveal the confidential portion(s) of any Designated Discovery Materials. Qualified Persons authorized to have access to Designated Discovery Materials shall make copies of such Designated Discovery Materials only to the extent that it is reasonably necessary to assist the Parties in connection with the Litigation or appeal of the Litigation. Prior to disclosure of any Designated Discovery Materials to any Qualified Person, counsel for the party proposing to disclose such information shall first provide such person with a copy of this Order.

5.    **DESIGNATION OF DESIGNATED DISCOVERY MATERIALS.** Any Designating Party may designate any Discovery Materials as Confidential Information by marking the Discovery Materials, prior to production, as "Confidential" as provided in

Paragraph 2 of this Order. The Designating Party has a duty to designate as "Confidential" only those specific portions of any materials that contain confidential information; blanket designations of entire documents, transcripts, report, or any other materials as "Confidential" shall not be allowed on anything other than native documents unless the Designating Party has a good faith belief that the entire document, transcript, report, or other material is confidential. Inadvertent failure to designate materials as Designated Discovery Materials at the time of production (i) shall not waive the Designating Party's right to, at some later time, designate the Discovery Materials as "Confidential" and (ii) may be remedied by the Designating Party by supplemental written notice and the provision of copies of properly stamped documents. Upon receipt of such notice, all Designated Discovery Materials, including all copies thereof, whether electronic, hard copy, or otherwise, so designated shall be fully subject to this Order. Inadvertent designation of documents as Designated Discovery Materials shall be remedied by the Designating Party upon request if the Parties agree that the designation was inadvertent.

6. **USE OF DESIGNATED DISCOVERY MATERIALS IN A COURT PROCEEDING.** In the event that any Designated Discovery Materials are used in any court proceeding in the Litigation or any appeal therefrom, the Designated Discovery Materials shall not lose their status as Designated Discovery Materials through such use nor shall a presumption of public access attach to any Designated Discovery Materials as a result of such use. This Order does not, by itself, authorize the filing of any Designated Discovery Materials under seal. In the event that any party or its counsel determines to file or submit to the Court or any appellate court in the Litigation, any Designated Discovery Materials or any papers containing information derived from Designated Discovery Materials, such documents

or portion thereof containing such material or information shall be redacted as to the Confidential portion thereof or filed under seal in accordance with LCvR 6.1 and the Court's applicable procedures, and released only as provided by agreement of the undersigned Parties or order of the Court. If a filing containing Designated Discovery Materials must be made before a Motion to File Under Seal can be filed and/or decided under LCvR 6.1, then the filing may be made with the redactions. Upon request, the Designating Party may, in its sole discretion, grant a written waiver of the requirements imposed by this Paragraph.

7. **DEPOSITIONS OR OTHER TESTIMONY.** Any party may, on the record of any deposition or within twenty days after receipt of a copy of the transcript, designate any portion of the testimony or any exhibit thereto as "Confidential" under the terms of this Order, and such testimony or exhibit shall be subject to the terms of this Order as set forth herein. Pending the expiration of such twenty days, deposition transcripts and exhibits shall be treated as "Confidential" in their entirety in accordance with the provisions of this Order. The provisions of Paragraph 5 regarding blanket "Confidential" designations are equally applicable to deposition transcripts and exhibits.

8. **CHALLENGING DESIGNATIONS.** Whenever a Party who receives Designated Discovery Materials (the "Receiving Party") objects to the designation of discovery material as "Confidential," the Receiving Party shall state the objection in writing to counsel for the Designating Party. The Parties shall work in good faith to attempt to resolve the dispute among themselves in a timely manner. In the absence of such resolution, the Receiving Party may apply to the Court for a ruling that such discovery material shall not be so treated, giving notice to the other Party. Until this Court enters an order changing the

designation, the discovery material shall be treated as "Confidential" as originally designated in accordance with this Order.

9. **INADVERTENT DISCLOSURE.** The inadvertent or unintentional disclosure of Discovery Materials shall not be deemed a waiver in whole or in part of the confidential nature of the material disclosed. In the event of an inadvertent disclosure by a Receiving Party of Designated Discovery Material, the Receiving Party making the inadvertent disclosure shall, upon learning of the disclosure: (i) immediately notify the entity or individual to whom the disclosure was made that the disclosure contains Designated Discovery Material subject to this Protective Order; (ii) immediately make all reasonable efforts to recover the disclosed Designated Discovery Material as well as preclude further dissemination or use by the entity or individual to whom the disclosure was made; and (iii) immediately notify the Designating Party of the identity of the entity or individual to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to recover the Designated Discovery Material and ensure against the further dissemination or use of the Designated Discovery Material.

10. This Order shall not limit or affect any disclosure that is required by law, rule, or Order issued or promulgated by this Court. If the Receiving Party is compelled by any law or order to disclose any Designated Discovery Materials in a manner or under terms that would otherwise violate this Order, the Receiving Party will use all reasonable efforts to notify the Designating Party of the obligation and will provide this notice sufficiently in advance of the disclosure so that the Designating Party will have a reasonable opportunity to object. Thereafter, the Receiving Party shall disclose only the particular Designated Discovery Materials it is required to disclose.

11. Nothing in this Protective Order is intended or shall be construed to limit the manner in which a Designating Party may use, disclose, store, or otherwise treat its own Designated Discovery Materials. Nothing in this Protective Order prohibits or prevents any Party hereto from applying to the Court for a further protective order relating to any Discovery Materials or for an order permitting disclosure of Designated Discovery Materials other than as provided herein. The provisions herein may also be modified by the Court, by motion by any party upon notice, or by written agreement between the Parties.

12. Nothing herein shall be construed to compel a party to produce information that it believes to be irrelevant, objectionable or otherwise not subject to discovery pursuant to the Federal Court Rules.

13. The provisions of this Protective Order shall continue in effect with respect to any Designated Discovery Materials unless expressly released by the Designating Party, and such effectiveness shall survive the entry of a final judgment in this Litigation. Upon the Conclusion of this Litigation, all Designated Discovery Materials, other than such material as has been filed under seal, shall within thirty days either (i) be returned to the Designating Party, or (ii) at the option of the Receiving Party, be destroyed and a certificate of destruction shall be forwarded to the Designating Party; provided, however, that counsel for the Parties are permitted to retain in their litigation files copies of briefs, expert reports, and other court submissions, and provided further that all such Designated Discovery Materials shall continue to be labeled and in perpetuity be treated as "Confidential" in accordance with the terms and conditions of this Order. The "Conclusion" of this Litigation shall be taken and construed as the date thirty days following entry of a final, non-appealable order disposing of this Litigation. All copies of any Designated Discovery Materials that are provided to any expert witnesses

must be retrieved by counsel for the party who retained the expert, and those materials must be returned to the producing party or destroyed, as outlined above.

14. This Order does not govern the handling of confidential information at trial. Prior to the trial of this matter, the Parties shall confer in good faith in an effort to reach agreement concerning a joint proposal to the Court with respect to the handling of confidential information at trial and shall make such proposal no later than the final pre-trial conference in this case. If the Parties are unable to reach agreement on this subject, each Party may make its own submission to the Court no later than the final pre-trial conference.

**SO ORDERED.**

Signed: September 1, 2021

**STIPULATED:**

David S. Cayer
United States Magistrate Judge

 /s/ Amie C. Sivon
William W. Pollock
Amie C. Sivon
RAGSDALE LIGGETT PLLC
PO Box 31507
Raleigh, NC  27622-1507
919-787-5200
bpollock@rl-law.com
asivon@rl-law.com
*Attorneys for Plaintiff*

 /s/ R. Jason Herndon
R. Jason Herndon
Anthony A. Fox
Daniel E. Peterson
Daniel J. Knight
PARKER POE ADAMS & BERNSTEIN LLP
301 Fayetteville Street, Suite 1400
Raleigh, NC  27601
919-835-4630

jasonherndon@parkerpoe.com
anthonyfox@parkerpoe.com
danielpeterson@parkerpoe.com
danielknight@parkerpoe.com
*Attorneys for Defendant*

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No.: 20-cv-346

| | |
|---|---|
| ENGLISH CONSTRUCTION COMPANY, INC., | ) |
| | ) |
| Plaintiff & Counterclaim Defendant, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHARLOTTE, | ) |
| | ) |
| Defendant & Counterclaim Plaintiff. | ) |
| | ) |

**NONDISCLOSURE CERTIFICATE**

I, _____, being duly sworn, state that:

1. I have carefully read, and I understand, the provisions of the Stipulated Protective Order (the "Order") entered in this case, and I will comply with all provisions of the Order.

2. I will hold in confidence and not disclose to anyone not qualified under the Order any Designated Discovery Materials or any words, summaries, abstracts, or indices of Designated Discovery Materials disclosed to me pursuant to discovery in connection with the Litigation.

3. I will return all Designated Discovery Materials disclosed to me pursuant to discovery in connection with the Litigation and summaries, abstracts, and indices thereof that come into my possession, and documents or things that I have prepared relating thereto, to

counsel for the party for whom I was employed or retained or acted as a witness.

    4.    I consent to the jurisdiction of the United States District Court for the Western District of North Carolina in connection with this Agreement to be bound by the Stipulated Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of _____, 2021.

_____